**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 96-6826

DELL L. CARTER,

Plaintiff - Appellant,

versus

SIXTEENTH JUDICIAL CIRCUIT PROSECUTOR'S
OFFICE; TOMMY POPE; WILLY THOMPSON; MICHELLE
DAY,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Dennis W. Shedd, District Judge.
(CA-96-736-3-19BC)

Submitted: December 12, 1996      Decided: December 19, 1996

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Dell L. Carter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant, a pretrial detainee in a county facility in South Carolina, filed an untimely notice of appeal from the dismissal without prejudice of his 42 U.S.C. § 1983 (1994) complaint. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on April 15, 1996; Appellant's notice of appeal was filed on May 21, 1996. Appellant's failure to note a timely appeal or obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal.

To the extent we would consider the appeal timely under Houston v. Lack, 487 U.S. 266 (1988), the district court's dismissal without prejudice is not appealable at this time, given the fact that Appellant could save his complaint through amendment. Domino Sugar Corp. v. Sugar Workers' Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993). This court may exercise jurisdiction only

2

over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED